IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jarrid Lynn Prather, ) | Case No.: 2:24-cv-06403-JD-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Correctional Officer Wachob; and ) | |
| Medical Staff at York County ) | |
| Detention Center, ) | |
| ) | |
| Defendants. ) | |
| ) | |

     This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Mary Gordon Baker (DE 21), issued pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina, concerning the Magistrate Judge's initial review of *pro se* Plaintiff Jarrid Lynn Prather's ("Plaintiff") amended pleadings (DE 16).[1]

     **A. Background**

     The Report accurately sets forth the relevant factual and legal background, which the Court adopts herein without full recitation. Nevertheless, the following summary is provided for context.

     Plaintiff, a *pro se* state detainee proceeding *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging constitutional violations arising from an

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

incident at the York County Detention Center in October 2024. On June 12, 2025, Plaintiff filed an amended complaint.[2] (DE 16.) The amended complaint asserts that Correctional Officer Wachob and the Medical Staff at the York County Detention Center failed to follow safety protocols by reissuing a razor previously used by an inmate known to be HIV-positive, rather than disposing of it in a biological hazard container. (*Id.*) Plaintiff alleges that this conduct created a risk of HIV transmission and that Defendants delayed medical testing for six days following the incident.

Plaintiff claims these actions demonstrate deliberate indifference to his safety and constitute inadequate medical care, in violation of his rights under the Fourteenth Amendment. (*Id.*)

### B. Report and Recommendation

On June 13, 2025, the Magistrate Judge issued the Report, recommending dismissal of all claims against the York County Detention Center's "Medical Staff" on the ground that unnamed groups of individuals do not constitute "persons" subject to suit under § 1983. (DE 21.) The Report further recommended dismissal of Plaintiff's inadequate medical care claim against Defendant Wachob because the Amended Complaint did not allege facts establishing personal involvement in the delay of testing, nor did it allege substantial harm resulting from the delay as required to state a constitutional claim.

---

[2] Plaintiff's amended complaint (DE 16) replaces the original pleading and establishes the scope of this case. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.").

2

The Report concluded that Plaintiff's deliberate indifference claim against Defendant Wachob, based on the alleged reissuance of a used razor from an HIV-positive inmate, survives initial review and may proceed, but all other claims should be dismissed without further leave to amend. (DE 21.) No party filed objections to the Report, and the matter is now ripe for review.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Since Plaintiff has not objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 21) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's claims against Defendant York County Detention Center's medical staff are **DISMISSED** without leave to amend. It is, further, **ORDERED** that Plaintiff's claim for inadequate medical treatment against Defendant Wachob is, likewise, **DISMISSED** without further leave to amend. Plaintiff's claim against Defendant Wachob, alleging deliberate indifference to a serious risk of harm, based on the alleged reissuance of a razor previously used by an HIV-positive inmate, shall proceed.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 18, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.