IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON GREENWOOD DIVISION

| | |
|---|---|
| Jarrid Lynn Prather, ) | Case No.: 2:24-cv-06403-JD-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Correctional Officer Wachob, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Mary Gordon Baker (DE 40), issued pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) of the District of South Carolina. The Report concerns Defendant Correctional Officer Wachob's ("Defendant") Motion to Dismiss (DE 35) and recommends this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b).[1] (DE 40.)

**A.   Background**

The Report accurately outlines the relevant facts and legal standards which the Court incorporates herein by reference. A brief summary is provided for context.

Plaintiff Jarrid Lynn Prather ("Plaintiff"), a pretrial detainee proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 alleging

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

constitutional violations arising from an incident at the York County Detention Center in October 2024. On June 12, 2025, Plaintiff filed an amended complaint alleging that Defendant and others at the York County Detention Center failed to follow safety protocols by reissuing a razor previously used by an inmate known to be HIV-positive, rather than disposing of it in a biological hazard container. (DE 16.) Plaintiff alleges that this conduct created a risk of HIV transmission and that Defendants delayed medical testing for six days following the incident. Plaintiff claims these actions demonstrate deliberate indifference to his safety and constitute inadequate medical care, in violation of his rights under the Fourteenth Amendment.[2] (*Id.*)

On October 28, 2025, Defendant filed a Motion to Dismiss. (DE 35.) The next day, the Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion.[3] (DE 36.) Plaintiff's response was due December 1, 2025, and he has not responded to the motion.

---

[2] Plaintiff's amended complaint (DE 16) replaces the original pleading and establishes the scope of this case. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'").

[3] According to the Report, Plaintiff is no longer in the custody of the South Carolina Department of Corrections, and his current location is unknown. The *Roseboro* Order was returned as undeliverable. (DE 39.) Plaintiff was expressly advised to notify the Clerk of Court in writing of any change in address. (DE 4 at 5.)

**B.    Report and Recommendation**

On December 2, 2025, the Magistrate Judge issued the Report recommending that Plaintiff's case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for lack of prosecution. (DE 40.)

The Report advised Plaintiff of his right to file objections and the consequences of failing to do so. Plaintiff filed no objections, and the time for filing objections has expired.

**C.    Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D.     Absence of Objections**

The Report advised the parties of their right to file specific written objections within the time provided by law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No objections have been filed, and the time for doing so has expired.

In the absence of objections, the Court is not required to conduct a *de novo* review and need only satisfy itself that there is no clear error on the face of the record. Upon review, the Court finds none.

**E.     Conclusion**

After a thorough review of the Report and Recommendation and the record in this case, the Court finds no error. The Court, therefore, adopts the Report (DE 40) and incorporates it herein by reference.

It is, therefore, ORDERED that Plaintiff's case is DISMISSED WITHOUT PREJUDICE for failure to comply with this Court's orders pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
February 18, 2026

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.